No. 25,132.

J. H. DIFFLEY et al., *Appellants*, v. THOMAS RYAN, *Appellee.*

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Conveyance of Real Estate—Evidence.* Findings of fact considered, and held to be supported by sufficient evidence.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed June 7, 1924. Affirmed.

*E. R. Sloan,* of Holton, for the appellants.

*Thomas A. Fairchild,* and *Floyd W. Hobbs,* both of Holton, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to require specific performance of a contract to convey real estate. Plaintiffs were defeated, and appeal.

Ryan leased land to the Diffleys, and agreed that on termination of the lease he would convey part of the land to them for one-third the selling price of similar land. When the term expired the Diffleys tendered a sum of money and demanded a deed. There was no evidence establishing the selling price of similar land, but the sum tendered was slightly in excess of the market value of the tract.

Ryan was about eighty years old and practically alone in the world. The Diffleys, who are husband and wife, were his relatives, and the lease provided they should occupy his farmhouse with him. Ryan's purpose in entering into the arrangement was to secure a home, and a condition of the agreement was that the Diffleys should cheerfully and fully comply with all its terms. The inevitable occurred. There were disagreements, quarrels, lawsuits, a physical encounter, and at last the old man left his home and remained away.

The Diffleys substantially complied with the terms of the lease, but, according to the testimony, in this fashion: Ryan said it was time oats should be cut. Diffley said he was busy, and he did not know whether he would cut the "damned oats" or not. Afterwards he cut the oats. Ryan said certain ground should be plowed early to keep cockleburs from seeding. Diffley said he would use his own pleasure about it. Afterwards he plowed the ground. Diffley turned out calves which Ryan was keeping up. Diffley said he had no time to take care of them, it was none of the old man's business, and he

would do as he pleased (using profanity). These instances illustrate the attitude Diffley manifested toward Ryan in respect to many details of the farm operations.

Diffley had no privilege under the lease to bring hogs to the farm, but he did so. Apparently disbelieving Diffley, the court found the hogs were brought to the farm without Ryan's leave and were kept there over his objection. There was evidence that when Ryan objected to the presence of the hogs Diffley said they would stay there, and they did. Ryan was to furnish teams to farm the land. While the lease contemplated there might be stock jointly owned, Diffley had no privilege to bring horses of his own to the farm, but he did so. When Ryan objected Diffley said he would bring a dozen if he wanted to. Although Ryan gave Mrs. Diffley a horse, there is no evidence he waived the terms of the lease with respect to Diffley's horses.

The court, after summarizing the evidence, returned the following findings of ultimate fact:

"While the plaintiffs were not wholly to blame for the trouble between the parties (they in many instances being right), on the other hand, the plaintiffs failed in many respects to cheerfully and fully comply with the agreement entered into between the parties, so that the object of said agreement for a home for the defendant was not met. By reason of the conflicts, quarrels and disagreements between the parties, the plaintiffs did not maintain for defendant a home as they agreed to do."

The assignment of error is that the findings are not supported by evidence. As indicated, Diffley's testimony was not accepted in its entirety, and the testimony for Ryan was amply sufficient to warrant the finding. Ryan was in the court room throughout the trial, but his counsel did not use him as a witness. The Diffleys say presumably his testimony would have been unfavorable to himself. If so, the court doubtless gave the presumption whatever weight it deserved.

The judgment of the district court is affirmed.